**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SOUNDSTREAK TEXAS, LLC, | § § § | Case No. |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| NIKON CORPORATION, | § § | |
| Defendant. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, SoundStreak Texas, LLC ("SoundStreak" or "Plaintiff"), files this Original Complaint against Defendant Nikon Corporation ("Nikon" or "Defendant") for patent infringement under 35 U.S.C. § 271 and alleges as follows:

**THE PARTIES**

1.      SoundStreak is a limited liability company organized and existing under the laws of the State of Texas and maintains its principal place of business at 100 W. Houston Street, Marshall, Texas 75670.

2.      Upon information and belief, Nikon is a Japanese corporation with a place of business at Shinagawa Intercity Tower C, 2-15-3, Konan, Minato-ku, Tokyo 108-6290, Japan.

**JURISDICTION**

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Defendant.  Defendant conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5.      Upon information and belief, Defendant transacts substantial business in the State of Texas and this Judicial District.  Defendant has committed acts of infringement in this District by, among other things, offering to sell and selling products that infringe the asserted patents, including the accused products as alleged herein, as well as providing service and support to its customers in this District.   Upon information and belief, Defendant, directly or indirectly, participates in the stream of commerce that results in products, including the accused products, being made, used, offered for sale, and/or sold in the State of Texas and/or imported into the United States to the State of Texas.

6.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Defendant is subject to personal jurisdiction in this Judicial District, Defendant has regularly conducted business in this Judicial District, certain of the acts complained of herein occurred in this Judicial District, and Defendant is not a resident in the United States and may be sued in any judicial district.

## PATENT-IN-SUIT

7.      On July 28, 2020, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,726,822 (the "'822 Patent") entitled "Method and Apparatus for Remote Digital Content Monitoring and Management."   A true and correct copy of the '822 Patent is available at https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=10726822.

8.      SoundStreak is the sole and exclusive owner of all right, title, and interest to and in the'822 Patent (the "Patent-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit. SoundStreak also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

9.      The Patent-in-Suit generally covers systems for managing a digital content capture session where digital content corresponding to a live event is captured, and the digital content being captured is streamed and/or stored in a high-quality data format and is streamed and/or stored in a low-quality data format.

10.      Plaintiff has complied with the requirements of 35 U.S.C. § 287(a).

11.      Defendant has been manufacturing, offering to sell, selling, and/or importing into the United States digital media remote recording systems including, but not limited to, Nikon SnapBridge and Camera Control Pro 2, since at least as early as 2015 (hereinafter collectively referred to as "Accused Systems").

12.      The Accused Systems support remote recording of images in high quality.  The Accused Systems permit an end-user to remotely monitor and record over a data communication network digital content.  The Accused Systems establish a high-quality data format for recording and transmitting digital content.  The Accused Systems further establish a low-quality data format for monitoring and communicating with the capture computer (Nikon cameras) from a participant computer.  The Accused Systems permit the end-user to record remotely in real time and the uncompressed image files are loaded automatically in the background.

## COUNT I
### (Infringement of the '822 Patent)

13.     Paragraphs 1 through 12 are incorporated herein by reference as if fully set forth in their entireties.

14.     SoundStreak has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '822 Patent.

15.     Defendant has and continues to directly infringe one or more claims of the '822 Patent, including claim 1, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States infringing Accused Systems without authority and in violation of 35 U.S.C. § 271.

16.     Defendant has and continues to indirectly infringe one or more claims of the '822 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States the infringing Accused Systems.  For example, Defendant, with knowledge that the Accused Systems infringe the '822 Patent, at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce direct infringement of the '822 Patent by providing Accused Systems to end-users for use, sale, and importation into the United States.  Defendant provides Accused Systems product manuals, documentation and instructional videos on its website that instruct end-users how to use the Accused Systems, including specifically how to capture live digital content, establish a high-quality data format for streaming and storing the digital content as it is being captured by the capture computer, establish a low-quality data format for streaming and storing the digital content on the participant computer, and store at least a portion of the digital content in a specified location in one of the aforementioned formats.  Defendant induced infringement by others, including end-users, with the intent to cause

infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '822 Patent, but while remaining willfully blind to the infringement.





# Ready when you are

SnapBridge keeps your camera and smartphone connected whenever they're within range—pair once and forget it! And since the connection is through Bluetooth Low Energy, it won't bog down your smartphone or camera.









https://www.nikonusa.com/en/nikon-products/snapbridge-app.page

17.   Defendant has and continues to indirectly infringe one or more claims of the '822 Patent by contributing to the direct infringement, either literally or under the doctrine of equivalents, by others, including endusers, by offering to sell, selling, and/or importing into the United States infringing Accused Systems, with the knowledge that, at least as of the date of the

Complaint, the Accused Systems perform steps that constitute a material part of the inventions claimed in the '822 Patent.  Such steps include, for example, capturing live digital content, establishing a high-quality data format for streaming and storing the digital content as it is being captured by the capture computer, establishing a low-quality data format for streaming and storing the digital content on the participant computer, and storing at least a portion of the digital content in a specified location in one of the aforementioned formats.  Defendant knows that these steps are especially made or especially adapted for use in an infringement of the '822 Patent and that these steps have no substantial non-infringing use.  Alternatively, Defendant believed there was a high probability that others would infringe the '822 Patent but remained willfully blind to the infringing nature of others' actions.

18.     SoundStreak has suffered damages as a result of Defendant's direct and indirect infringement of the '822 Patent in an amount to be proved at trial.

19.     SoundStreak has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '822 Patent for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

20.     Defendant has committed and continues to commit acts of infringement that Defendant actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '822 Patent.  Upon information and belief, Defendant had actual knowledge of the '822 Patent from the date of this Complaint. Defendant's infringement of the '822 Patent has been and continues to be willful, entitling SoundStreak to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, SoundStreak prays for relief against Defendant as follows:

a.     Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patent-in-Suit;

b.     Entry of judgment declaring that Defendant's infringement of the Patent-in-Sit has been willful and deliberate;

c.     An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the Patents-in-Suit;

d.     An order awarding damages sufficient to compensate SoundStreak for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

e.     An order awarding SoundStreak treble damages under 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement of the Patent-in-Suit;

f.     Entry of judgment declaring that this case is exceptional and awarding SoundStreak its costs and reasonable attorney fees under 35 U.S.C. § 285; and

g.     Such other and further relief as the Court deems just and proper.

Dated:  September 17, 2021                         Respectfully submitted,

                                                   */s/ Alfred R. Fabricant*
                                                   Alfred R. Fabricant
                                                   NY Bar No. 2219392
                                                   Email: ffabricant@fabricantllp.com
                                                   Peter Lambrianakos
                                                   NY Bar No. 2894392

Email:  plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email:  vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue, Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

**ATTORNEYS FOR PLAINTIFF
SOUNDSTREAK TEXAS, LLC**